**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5193-16T3

JONATHAN LIBOCK,

     Plaintiff-Respondent,

v.

JOHN FOTE,

     Defendant-Appellant.

_____

        Argued September 26, 2018 – Decided October 9, 2018

        Before Judges Nugent and Mawla.

        On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. SC-0968-17.

        George B. Keahey argued the cause for appellant.

        Jonathan Libock, respondent, argued the cause pro se.

PER CURIAM

     Defendant John Fote appeals from a July 26, 2017 default judgment for $2,995 plus court costs, entered in favor of plaintiff Jonathan Libock. We reverse.

The following facts are taken from the record. On May 29, 2017, plaintiff was working as an Uber driver in Long Beach Island. At four o'clock in the morning, plaintiff had dropped off a fare on Ocean Boulevard when a severe wind storm caused a patio umbrella to fly from defendant's property into plaintiff's car. Plaintiff was the only witness to the incident. The parties did not dispute either that defendant was not present on the day of the incident or that defendant's property was occupied by summer renters at the time.

Defendant did not appear for trial. However, his attorney appeared on his behalf, and stipulated defendant was the owner of the property and the umbrella which struck plaintiff's vehicle. Counsel also stipulated to plaintiff's damages.

Beyond the stipulations, defendant's counsel offered summation at the conclusion of the trial. No other witnesses testified. In summation, counsel argued defendant could not be held strictly liable, plaintiff had failed to establish any negligence on defendant's part, and the incident was an act of God.

Following summations, the trial judge recessed for four minutes to consider the matter. She then returned, and for the first time announced judgment would be entered "by way of default." She explained she was entering default because defendant failed to appear and "therefore the plaintiff could not

have an opportunity to question the defendant at the time of trial with regard to how this umbrella was secured."

After defendant filed his notice of appeal, the trial judge filed a letter amplifying her findings pursuant to Rule 2:5-1(b). The judge stated defendant's failure to appear for trial "weighed heavily against [his] credibility." The judge concluded even if defendant had appeared "any testimony would have confirmed plaintiff's argument that defendant was negligent in ensuring that the subject umbrella was properly secured at defendant's property, thereby causing plaintiff's damages."

The trial judge concluded she could enter default judgment against defendant because he had failed to appear for trial as required by Rule 6:2-1, and present a defense. The judge acknowledged counsel had appeared for defendant, but concluded he had not asserted a defense. The judge found counsel's argument plaintiff's claim was based on strict liability was "disingenuous" because plaintiff was unable to question defendant.

According to the judge, regardless of the entry of default, there was enough evidence to find defendant liable. The judge found that based on plaintiff's testimony the umbrella was open, she could conclude defendant had not "properly strapped (sic) or secured [the umbrella] to withstand the subject

3

storm." The judge found defendant's stipulation he owned the property and the umbrella allowed her to conclude "defendant was negligent in failing to ensure that the umbrella was properly secured at the property; thus, resulting in plaintiff's damages."

We defer to the trial court's factual findings if "supported by adequate, substantial, and credible evidence in the record." D.A. v. R.C., 438 N.J. Super. 431, 451 (App. Div. 2014) (citation omitted). We owe no deference, however, to rulings not based on witness testimony or credibility findings. Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000). Our review of questions of law is, of course, de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013); Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

On appeal, defendant argues the trial judge erred by entering default judgment against him where his attorney had appeared for the trial on defendant's behalf. Defendant argues the trial judge held him strictly liable for causing the damage to plaintiff's car even though defendant's property was rented at the time and defendant was not in possession. We agree.

A trial judge may sanction a party for failing to appear for trial by entering default judgment. Rule 1:2-4(a) states:

> [I]f without just excuse or because of failure to give
> reasonable attention to the matter, no appearance is made

4                                                                 A-5193-16T3

on behalf of a party . . . on the day of trial, . . . the court may order any one or more of the following: . . . (c) . . . the striking of the answer and the entry of judgment by default[.]

Rule 6:2-1 governs the form of summons in small claims matter. The annotation to the Rule states: "the summons form requires, in lieu of defendant's filing an answer, an appearance in court at a specified time and place orally to state a defense together with the advisory that failure to appear may result in entry of a default judgment granting the plaintiff the requested relief." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 6:2-1, (2018).

Here, however, there was no basis for the trial judge to enter default, let alone without notice, and after having considered the testimony and summation. Defendant did not fail to appear because his counsel had appeared on his behalf.

Moreover, the judge's view default judgment should enter because plaintiff was deprived of the ability to cross-examine defendant is unsupported by the facts. Indeed, there was no dispute defendant was not present, and summer renters were occupying the property at the time of the incident. Therefore, we fail to see how defendant's absence deprived plaintiff his day in court.

To sustain a cause of action for negligence, a plaintiff must prove four elements: (1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4)

actual damages.  Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008).  The burden is on the plaintiff to establish these elements "by some competent proof."  Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (citing Overby v. Union Laundry Co., 28 N.J. Super. 100, 104 (App. Div. 1953)).

"[T]he question whether there is a 'duty' merely begs the more fundamental question whether the plaintiff's interests are entitled to legal protection against the defendant's conduct."  J.S. v. R.T.H., 155 N.J. 330, 338 (1998) (alteration in original) (quoting Weinberg v. Dinger, 106 N.J. 469, 481 (1987)).  "[I]mplicated in this analysis is an assessment of the defendant's 'responsibility for conditions creating the risk of harm' and an analysis of whether the defendant had sufficient control, opportunity, and ability to have avoided the risk of harm."  Id. at 338-39 (quoting Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 574 (1996); citing Kuzmicz v. Ivy Hill Park Apts., Inc., 147 N.J. 510, 515 (1997)).

> The scope of a duty is determined under "the totality of the circumstances," and must be "reasonable" under those circumstances.  Factors to be taken into consideration include the risk of harm involved and the practicality of preventing it.  When the defendant's actions are "relatively easily corrected" and the harm sought to be prevented is "serious," it is fair to impose a duty.  In the final analysis, the "reasonableness of action" that constitutes such a duty is "an essentially objective determination to be made on the basis of the material facts" of each case.
>
> [Id. at 339-40 (citations omitted).]

Furthermore,

> [W]hen the risk of harm is that posed by third persons, a plaintiff may be required to prove that defendant was in a position to "know or have reason to know, from past experience, that there [was] a likelihood of conduct on the part of [a] third person[]" that was "likely to endanger the safety" of another.
>
> [Id. at 338 (alterations in original) (quoting Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 507 (1997)).]

"Even as to foreseeable risks, however, it has been cautioned that 'not all foreseeable risks give rise to duties.'" Ivins v. Town Tavern, 335 N.J. Super. 188, 195 (App. Div. 2000) (quoting Williamson v. Waldman, 150 N.J. 232, 251 (1997)).

Determining the existence of "a duty 'involves identifying, weighing, and balancing several factors − the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.'" Alloway v. Bradlees, Inc., 157 N.J. 221, 230 (1999) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993)). "The analysis is both very fact-specific and principled; it must lead to solutions that properly and fairly resolve the specific case and generate intelligible and sensible rules to govern future conduct." Hopkins, 132 N.J. at 439.

A-5193-16T3

The record lacks sufficient findings by the trial judge as to whether plaintiff had proven defendant's duty, breach of duty, or proximate causation. Plaintiff's testimony and the stipulations did not constitute substantial credible evidence to support the judge's findings defendant had negligently secured the umbrella. Moreover, the judge's belief she could assess defendant's credibility without his testimony is without any basis in law. Under the facts adduced by plaintiff, there was no basis to conclude defendant was negligent.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5193-16T3